**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

MADAMI INTERNATIONAL, LLC et al.                                    PLAINTIFFS

vs.                                                   Civil Action No. 3:03-cv-213WS

DINLI METAL INDUSTRIAL CO., LTD.                              DEFENDANT

## ORDER

Before the court is plaintiffs' motion for reconsideration **[docket # 39]** of the court's

order on:  (1) plaintiffs' motion for counsel to withdraw as attorney;  (2) defendant's

motion for summary judgment;  and (3) defendant's motion in limine; and the defendant's

motion to motion to strike the plaintiffs' response to the defendant's motion for summary

judgment **[docket # 40]**.  This case involves an alleged breach of an exclusive

distributorship agreement between plaintiffs and defendant.  This court has diversity

jurisdiction of this case pursuant to Title 28 U.S.C. § 1332.[1]

On February 20, 2005, the court entered an order granting the defendant's motion

for summary judgment, because of the plaintiffs' apparent failure to respond to the

defendant's motion for summary judgment, per a previous order of the court **[docket #**

**35]**.  Unbeknown to the court at the time of the order, plaintiffs had submitted an ex parte

facsimile, which contained sensitive materials, to the court outlining their reasons for not

responding to the court's directive to respond to the defendant's motion for summary

---

[1]Title 28 U.S.C. § 1332(a) provides:  "(a) The district courts shall have original jurisdiction
of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive
of interest and costs, and is between--(1) citizens of different States . . ."

judgment.  For the reasons enunciated herein, the court finds the plaintiffs' motion well-taken and, therefore, grants the motion for reconsideration.

Rule 60(b) of the Federal Rules of Civil Procedure[2] governs relief from final judgment for excusable neglect.  Fifth Circuit case law provides some precedent in determining excusable neglect.

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ⋯ the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

---

[2]Rule 60(b), Federal Rules of Civil Procedure, provides:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

*Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).  *Halicki* applied the "excusable neglect" standard formulated in the context of bankruptcy to Rule 60(b).

In the instant case, based on plaintiffs' submissions to the court, the court finds that plaintiffs have provided the court with good cause reasons for why they did not submit a response the defendant's motion for summary judgment per the court's show cause order, namely a misunderstanding between the court's staff, plaintiffs, and plaintiffs' counsel.  Therefore, in comportment with Rule 60(b), the court grants the plaintiffs' motion for reconsideration **[docket # 39]**.  Resultedly, the court denies the plaintiff's motion to strike **[docket # 41]**.

**SO ORDERED, this the 31st   day of  March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:03-cv-213 WS