IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MADAMI INTERNATIONAL, LLC and**
**TRANSNATIONAL OUTDOOR POWER, LLC**                            **PLAINTIFFS**

**VS.**                                                **CIVIL ACTION NO. 3:03-cv-213 HTW-LRA**

**DINLI METAL INDUSTRIAL CO., LTD.**                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Before this court is the defendant's motion asking this court to dismiss this case upon either one of both of the following grounds: (1) that defendant is entitled to summary judgment under Rules 56(b) and (c),[1] Federal Rules of Civil Procedure, and (2) because plaintiff has failed to prosecute this case. This court dismisses this action upon both grounds.

Plaintiffs here are Madami International, LLC, and Transnational Outdoor Power, LLC. The defendant is Dinli Metal Industrial Co., LTD. Plaintiffs' complaint alleges that the defendant breached an exclusive agreement with the plaintiff to distribute and sell the defendant's all terrain vehicle (ATV) by telling prospective customers that the plaintiff was not the defendant's exclusive distributor, by interfering with the plaintiff's business opportunities,

---

[1] Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

and causing the plaintiff great economic harm for which the defendant should be required to respond in actual and punitive damages.

This court has jurisdiction over this dispute pursuant to diversity of citizenship, Title 28 U.S.C. § 1332.[2]  Accordingly, this court applies the substantive law of Mississippi to this controversy, *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## **Procedural History**

This matter originally came on for hearing before this court on February 1, 2005.  This court received documentary evidence in the form of defendant's motion for summary judgment [docket entry no. 32] and accompanying supporting memorandum as well as Dinli's motion in limine [docket entry no. 36].  Having considered the documentary evidence as well as arguments from counsel, this court then granted Dinli's motion for summary judgment as well as Dinli's motion in limine [docket entry no. 37].

Thereafter, and on February 25, 2005, plaintiff filed its motion for reconsideration [docket entry no.39], which was granted by the court on March 31, 2006 [docket entry no. 44] thereby vacating the court's earlier decision to grant defendant's motion for summary judgment. No further pleadings were filed on behalf of either party thereafter.

On August 30, 2007, this court held a telephonic status conference with counsel for both the plaintiff and defendant. Counsel for plaintiff informed the court that, although he had made

---

[2]Title 28 U.S.C. § 1332 provides in pertinent part:

  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

   (1)  citizens of different States;  ...

numerous and diligent attempts to contact his client regarding this case, he had not had contact with his client in over two years nor did he know how to contact his client. Upon revisiting this matter, the court once again granted defendant's motion for summary judgment [docket entry no. 32] and denied counsel for plaintiff's motion to withdraw as counsel [docket entry no. 27]. This court accordingly hereby finds, adjudges and holds as follows:

### Findings of Fact

1. Defendant Dinli is a Taiwanese manufacturer of mini all-terrain vehicles/products and Dinli sells and distributes its vehicles/products throughout North America through a network of importers and distributors. Dinli's relationships with its importers and distributors, including the plaintiffs, are all "at-will" relationships, which means that either Dinli or any of its importers or distributors can walk away from the relationship at any time, without penalty. (Dinli Motion for Summary Judgment, Ex. 7, pg. 3).

2. In 2000, the plaintiffs approached Dinli about the possibility of becoming the exclusive distributor for Dinli's vehicles for all of North America. The parties, however, did not reach an agreement upon an exclusive distributorship agreement, and no such agreement was ever created or memorialized in writing. (Dinli Motion for Summary Judgment, Ex. 3, pp. 1-2; Ex. 4, pp. 79, 80, 159-160, 161, 167-168, 171, 177, 247-249; Ex. 5, pp. 44, 49-50, 51; Ex. 6, pp. 21-22; Ex. 7, pg. 3).

3. Dave McMahen is a co-owner of both plaintiffs Madami International, LLC ("Madami") and Transnational Outdoor Power, LLC ("Transnational"). Mr. McMahen testified that: (i) no agreement was ever consummated between Dinli and either of the plaintiffs; (ii) no contract was ever signed by Dinli in favor of either of the plaintiffs; and (iii) no exclusive

contract was ever concluded between Dinli and either of the plaintiffs. (Dinli Motion for Summary Judgment, Ex. 4, pp. 79, 80, 159-160, 161, 167-168, 171, 177, 247-249).

4.   McMahen also testified that: (i) the relationship between Dinli and the plaintiffs was oral; and (ii) that the term of the relationship was indefinite. (Dinli Motion for Summary Judgment, Ex. 4, pp. 247-249).

5.   Lynn Powell served as the office manager for plaintiffs Madami and Transnational from July 2000 until July 2001 and testified that: (i) there was no exclusive distributorship agreement between Dinli and the plaintiffs; (ii) there was no written agreement between Dinli and the plaintiffs; and (iii) the business relationship between Dinli and the plaintiffs was "at-will." (Dinli Motion for Summary Judgment, Ex. 5, pp. 44, 49-50, 51).

6.   Cindy Hurley is employed by both Madami and Transnational as Mr. McMahen's executive assistant.  She testified that Dinli did not sign any contract(s) in favor of either Madami or Transnational. (Dinli Motion for Summary Judgment, Ex. 6, pp. 21-22).

7.   Luh, Tai Yang is the principal owner of defendant Dinli and, as such, has the sole responsibility of negotiating and authorizing all product distributorship agreements on behalf of defendant Dinli.  Luh, Tai Yang testified that: (i) Dinli has never been a party to an exclusive distributorship agreement with plaintiffs Madami or Transnational; (ii) Dinli has never been a party to any distributorship agreement with plaintiffs Madami or Transnational; and (iii) all product sales by Dinli to plaintiffs Madami and/or Transnational occurred with no written agreement between the parties and on a non-exclusive basis. (Dinli Motion for Summary Judgment, Ex. 3, pp. 1-2).

8.   Before, during and after its dealings with the plaintiffs Madami and Transnational,

Dinli continued to sell its vehicles through several different "at-will" distributors for the North American market, including the plaintiffs. (Dinli Motion for Summary Judgment, Ex. 7, pp. 3-4).

## Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corporation v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Summary judgment motions should be granted "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment as set forth in Rule 56(c) is satisfied." *Celotex*, 477 U.S. at 321.

## Failure to Prosecute

The plaintiff in this case has failed to prosecute his cause of action. As the nonmoving party to this motion for summary judgment, the plaintiff is obligated to offer proof concerning the essential elements of the case, and failure to do so necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. at 323. Inasmuch as the plaintiff has not appeared and has made no effort to prosecute, this court is presented with no genuine issue of material fact upon which to proceed. Thus, the defendant is entitled to summary judgment.

### **Holding**

The court finds that there are no genuine issues as to any material fact with regard to whether an exclusive distributorship agreement existed between the parties and that Dinli is entitled to judgment under Rule 56 of the Federal Rules of Civil Procedure.

Dinli did not grant the plaintiffs the exclusive right to distribute their vehicles throughout North America and there was no exclusive distribution agreement between Dinli and the plaintiffs. (Dinli Motion for Summary Judgment, Ex. 3, pp. 1-2; Ex. 4, pp. 79, 80, 159-160, 161, 167-168, 171, 177, 247-249; Ex. 5, pp. 44, 49-50, 51; Ex. 6, pp. 21-22; Ex. 7, pp. 4-8).

There was no written distribution agreement between Dinli and the plaintiffs; rather, the relationship between Dinli and plaintiffs was "at-will." (Dinli Motion for Summary Judgment, Ex. 3, pp. 1-2; Ex. 4, pp. 79, 80, 159-160, 161, 167-168, 171, 177, 247-249; Ex. 5, pp. 44, 49-50, 51; Ex. 6, pp. 21-22; Ex. 7, pp. 3-8).

The relationship between Dinli and the plaintiffs was an oral, non-exclusive "at-will" relationship. (Dinli Motion for Summary Judgment, Ex. 3, pp. 1-2; Ex. 4, pp. 79, 80, 159-160, 161, 167-168, 171, 177, 247-249; Ex. 5, pp. 44, 49-50, 51; Ex. 6, pp. 21-22; Ex. 7, pp. 3-8).

Dinli has performed any and all obligations that it may have owed to the plaintiffs. (Dinli Motion for Summary Judgment, Ex. 7, pg. 4).

The court finds that any oral agreement existing between Dinli and the plaintiffs falls within the statute of frauds and must, therefore, be in writing to be enforceable. Therefore, the plaintiffs are precluded from enforcing any alleged oral agreements which they claim existed between them and Dinli.  Stahlman v. National Lead Company, 318 F.2d 388 (5th Cir. 1963).

The plaintiffs have not taken any substantive action in this case since filing the original complaint on February 10, 2003.  The plaintiffs have acted intentionally and willfully in a dilatorious and contumacious manner, which has resulted in actual prejudice to Dinli. (Dinli Motion for Summary Judgment, Ex. 7, pp. 11-13).

The court finds that this action may be dismissed for want of prosecution.  The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R .R.*, 370 U.S. 626 (1962)*; Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Rule 41(b)$^3$ of the Federal Rules of Civil Procedure.

---

$^3$Rule 41(b) provides in relevant part that, "[i]f the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

Further, this court finds that defendant is entitled to summary judgment. This court will enter a Final Judgment in accordance with the local rules.

**SO ORDERED AND ADJUDGED, this the 13th day of June, 2008.**

                                  **s/ HENRY T. WINGATE**
                                  **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:03-cv-213 HTW-LRA
Memorandum Opinion and Order